UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CV-13-M

KIMARLO RAGLAND,

　　　　　Plaintiff,

v.

NC DIVISION OF EMPLOYMENT
SECURITY,

　　　　　Defendant.

ORDER AND
MEMORANDUM AND
RECOMMENDATION

This matter is before the court on Plaintiff's application to proceed *in forma pauperis*, [DE-2], motion to appoint counsel and complaint addendum, [DE-7], and for frivolity review of the complaint, [DE-1], pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff has demonstrated sufficient evidence of inability to pay the required court costs and the application is allowed, but the motion to appoint counsel is denied, and it is recommended that the complaint be dismissed for lack of jurisdiction or, alternatively, failure to state a claim.

## I.　　Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*,

566 F.3d 391, 399 (4th Cir. 2009). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28. In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . .'" *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.    Discussion

Plaintiff Kimarlo Ragland brings this action alleging his civil rights were violated in state court litigation with Defendant the North Carolina Division of Employment Security (the "Division") involving Ragland's unemployment benefits.[1] Compl. [DE-1, -1-1, -7] & Attachments

---

[1] Ragland previously sued the Division in this court related to the same underlying state court litigation, the case was dismissed on initial review, and the Fourth Circuit affirmed the dismissal. No. 5:24-CV-204-M [DE-12, -18].

2

[DE-1-2 to -1-11, -8-1]. Ragland's complaint is lengthy and rambling but, in a nutshell, he alleges that he is African American; he filed a claim for unemployment benefits that was initially granted but then later reversed; he received a "notice of appeal packet" in January 2022, and he appealed the reversal through the state courts (Vance County Superior Court, the North Carolina Court of Appeals, and the North Carolina Supreme Court); there were purported procedural irregularities throughout his case, including denial of an in person hearing, issuance of orders as opposed to opinions, and the denial of his request for free copies of transcripts; and the Division ultimately prevailed and recouped overpayments to Ragland from his tax refund and by withholding unemployment benefits. *See generally* [DE-1-1]. Ragland alleges the Division took his property without due process in violation of the 5th, 9th, and 14th Amendments to the Constitution and 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988, and also alleges state law tort and race discrimination claims. *Id.* at 1; [DE-1] at 3; [DE-7]. Plaintiff seeks to recover his state income tax refund and all withheld benefits to which he was entitled. [DE-1-1] at 13.

This court lacks subject-matter jurisdiction over Ragland's claims under the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam); *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court. *See* 28 U.S.C. § 1257(a). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting [federal] court review and rejection of those judgments." *Thana v. Bd. of License Comm'rs for Charles Cnty., Md.*, 827 F.3d 314, 319 (4th Cir. 2016) (quotation marks omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic*

3

*Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The doctrine prevents federal courts from considering "issues actually presented to and decided by a state court, but also . . . constitutional claims that are inextricably intertwined with questions ruled upon by a state court, as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyer v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (quotation marks and citations omitted). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). "A federal claim is inextricably intertwined with a state court decision where, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual.'" *Naylor v. Wells Fargo Home Mortg., Inc.*, No. 3:15-CV-116-RJC, 2016 WL 55292, at *3 (W.D.N.C. Jan. 5, 2016) (citing *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)).

The crux of Ragland's claim is that the underlying state courts wrongly decided his unemployment benefits appeal, and he seeks to recover his state income tax refund, which was withheld to recoup the overpayment of benefits, as well as withheld benefits to which he was entitled. The relief Plaintiff seeks would, in effect, "undo" the state court's determination that Ragland was overpaid unemployment benefits and that the Division could recover the overpayment, which is precluded by *Rooker-Feldman. See Ford v. N.C. Div. of Emp. Sec.*, No. 1:22CV587, 2022 WL 19335313, at *2 (M.D.N.C. Sept. 20, 2022) (finding the court "does not have jurisdiction over appeals of state unemployment determinations."), *report and*

4

*recommendation adopted*, 2023 WL 2742304 (M.D.N.C. Mar. 31, 2023). Furthermore, his allegations that the Division committed an unconstitutional taking and violated equal protection by recouping the unemployment overpayment from an indigent person who is African American is "inextricably intertwined" with the state court's determination permitting the recoupment. Additionally, there are no non-conclusory allegations that would support an inference that race was a motivating factor in the Division's actions. Accordingly, Ragland's claims should be dismissed for lack of subject matter jurisdiction.

Alternatively, Ragland cannot state a constitutional claim because the Division is entitled to sovereign immunity. The Eleventh Amendment limits the authority of the federal courts to hear claims against the States. U.S. Const. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (citation omitted). Likewise, "North Carolina has a well-established common law doctrine of sovereign immunity which prevents a claim for relief against the State except where the State has consented or waived its immunity." *DeMurry v. N.C. Dep't of Corr.*, 195 N.C. App. 485, 492, 673 S.E.2d 374, 380 (2009) (citations omitted). This immunity from suit applies not only to claims against the State itself, but also to claims against state agencies and state officials acting in an official capacity. *See Myers v. North Carolina*, No. 5:12-CV-714-D, 2013 WL 4456848, at \*3 (E.D.N.C. Aug. 16, 2013) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit against the state itself.") (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). However, sovereign immunity may be waived or abrogated where the state has waived its immunity or where Congress has overridden that immunity. *Philips v. N. C. State*, No. 5:15-CV-95-F, 2015 WL 9462095, at \*6

5

(E.D.N.C. Dec. 28, 2015) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).

Section 1983 imposes liability on anyone who, under the color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, § 1983 is not a "source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citations omitted). Thus, to state a claim under § 1983, a plaintiff must allege facts indicating a deprivation of rights guaranteed by the Constitution and laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *see Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted). The Division is a state agency from which Ragland seeks monetary damages, and there is no allegation from which the court could find that the state has waived its immunity or that Congress has abrogated such immunity; thus, the Division is not a "person" subject to liability within the scope of § 1983. *See Ford*, 2022 WL 19335313, at *2 (concluding "the North Carolina Employment Security Commission is not a 'person' amenable to suit under § 1983.") (citing *Will*, 491 U.S. at 67–68, 71 (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983, and finding Congress did not intend to override the State's sovereign immunity by enacting the statute)). Likewise, courts have determined that §§ 1981, 1985, and 1986 do not abrogate a state's sovereign immunity. *See Allen v. N.C. State Dental Bd.*, No. 5:22-CV-368-FL, 2022 WL 17184586, at *4 & n.2 (E.D.N.C. Nov. 3, 2022), *report and recommendation adopted*, 2022 WL 17177636 (E.D.N.C. Nov. 23, 2022). Lastly, the § 1988 attorney's fee provision is inapplicable where a plaintiff, like Ragland, proceeds *pro se*. *See Sharma v. Clark*, No. 5:21-CT-3311-M, 2024 WL 101851, at *1 (E.D.N.C. Jan. 9,

6

2024) (citing *Vaughan v. Foltz*, No. 2:16-CV-61-FL, 2017 WL 4872484, at *9, n.12 (E.D.N.C. Oct. 27, 2017)), *appeal dismissed*, No. 24-1106, 2024 WL 1134046 (4th Cir. Mar. 15, 2024). Accordingly, Plaintiff has failed to state a claim because the Division is entitled to immunity.

Next, the court should decline to exercise supplemental jurisdiction over Ragland's state law claims where he has failed to state a federal claim, and the face of the complaint does not support that diversity jurisdiction exists under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1367 (providing that a court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"); *Chesapeake Ranch Water Co. v. Bd. of Comm'rs of Calvert Cnty.*, 401 F.3d 274, 277 (4th Cir. 2005) (having dismissed federal claims, district court properly declined supplemental jurisdiction of state claims); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (recognizing that under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Finally, Ragland is not entitled to court appointed counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). "Exceptional circumstances exist where 'a pro se litigant has a colorable claim but lacks the capacity to present it.'" *Hall v. Holsmith*, 340 F. App'x 944, 946 (4th Cir. 2009) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989)); *Jenkins v. Woodard*, 109 F.4th 242, 247–49 (4th Cir. 2024) (concluding that exceptional circumstances for appointment of counsel in a civil case were present where plaintiff experienced mental illness that, among other

7

things, limited his ability to represent himself and his claims were not frivolous). Furthermore, while a court "may request an attorney to represent any person unable to afford counsel" pursuant to 28 U.S.C. § 1915(e)(1), this provision does not allow federal courts to order an attorney to represent a plaintiff in a civil case. *Mallard*, 490 U.S. at 301 (holding § 1915(d), now amended and renumbered as § 1915(e)(1), does not authorize compulsory appointment of counsel). Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel and based on the filings to date in the case, appears able to adequately present his claims should the court allow any to proceed. Accordingly, the motion to appoint counsel is denied.

### III. Conclusion

For the reasons stated herein, Plaintiff's application to proceed *in forma pauperis* is allowed, the motion to appoint counsel is denied, and it is recommended that the complaint be dismissed.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **May 4, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding**

8

district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This the **20** day of April, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge

9