IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:26-CV-00013-M-RJ

KIMARLO RAGLAND,

     Plaintiff,

v.

NORTH CAROLINA DIVISION OF
EMPLOYMENT SECURITY,

     Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") prepared by United States Magistrate Judge Robert B. Jones, Jr. DE 9. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Judge Jones allowed Plaintiff to proceed without paying a filing fee but recommended that this court dismiss Plaintiff's complaint for failing to state a viable claim. DE 9. Plaintiff has filed a document containing his objections to the M&R and moving for leave to amend his complaint. DE 11.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

This case arises out an unemployment benefits appeal. In 2021, Plaintiff was separated from his employer and relieved of his position as a truck driver. DE 1-1 at 2. Plaintiff then filed for, and received, unemployment benefits from the State of North Carolina through Defendant. DE 1-1 at 2–3. However, Defendant determined that Plaintiff was not actually eligible for unemployment benefits and notified Plaintiff that any received benefits were an erroneous overpayment. DE 1-1 at 3. Plaintiff sought review of that determination in Vance County Superior Court. DE 1-1 at 3. The state trial court affirmed Defendant's determination, and Plaintiff appealed that decision to the intermediate North Carolina Court of Appeals and the North Carolina Supreme Court. DE 1-1 at 3, 6. After some procedural irregularities, Plaintiff lost on his appeals, and Defendant recouped its overpayment by withholding unemployment benefits and garnishing Plaintiff's North Carolina tax refund. *See generally* DE 1-1. Plaintiff now alleges that Defendant took his property in violation of the Fifth, Ninth, and Fourteenth Amendments to the Constitution and brings claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, & 1988 and North Carolina tort law. To right these perceived wrongs, Plaintiff requests relief that would allow him to "recover his state income tax refund and all withheld rightfully entitled benefits from the defendants." DE 1-1 at 13.

Judge Jones recommends dismissing Plaintiff's Complaint for two reasons: first, this court lacks subject-matter jurisdiction over the claim under the *Rooker-Feldman* doctrine; and second, Defendant, a state agency, is entitled to sovereign immunity and cannot be sued under § 1983. Plaintiff objects to Judge Jones' recommendation—alleging an incorrect interpretation of the *Rooker-Feldman* doctrine—and seeks to amend his complaint in order to sidestep the sovereign immunity issue. The court will address those arguments in turn.

2

Under *Rooker-Feldman*, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (*per curiam*); *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine prevents federal courts from considering "issues actually presented to and decided by a state court, but also . . . constitutional claims that are inextricably intertwined with questions ruled upon by a state court, as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Plyer v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (quotation marks and citations omitted). "[I]f the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside of the jurisdiction of the federal district court." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). "A federal claim is inextricably intertwined with a state court decision where, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual.'" *Naylor v. Wells Fargo Home Mortg., Inc.*, No. 3:15-CV-116-RJC, 2016 WL 55292, at *3 (W.D.N.C. Jan. 5, 2016) (citing *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997)).

Judge Jones rightly concludes that "the crux of [Plaintiff's] claim is that the underlying state courts wrongly decided his unemployment benefits appeal" and that the "relief Plaintiff seeks would, in effect, 'undo' the state court's determination that [Plaintiff] was overpaid . . . and that [Defendant] could recover the overpayment." DE 9 at 4. *Rooker-Feldman* necessarily precludes this court from exercising jurisdiction to award such relief. Plaintiff nonetheless objects to this application of *Rooker-Feldman*, citing criticisms of the doctrine from out-of-circuit concurrences

3

and academic articles, and concludes with a discussion of Plaintiff's own proposed solution to perceived issues with *Rooker-Feldman*. *See generally* DE 11 at 6–11. None of this discussion, however, changes the simple truth that this matter lies in the heartland of *Rooker-Feldman*. Plaintiff sued a state agency in state court and lost, which allowed the state agency to recoup the overpayment of state unemployment benefits from Plaintiff's state tax refund; Plaintiff now seeks an order from a federal court refunding to him his state tax return and state unemployment benefits. But to grant that relief would require the court to review the North Carolina courts' decisions. And *Rooker-Feldman* is clear; federal courts court lack the jurisdiction to so do.

Judge Jones also rightly determined that Plaintiff cannot state a constitutional claim because Defendant is entitled to sovereign immunity—a reality recognized by 42 U.S.C. § 1983, which allows for lawsuits against *individuals* who, acting under color of state law, deprive a claimant of rights protected by the Constitution and laws of the United States. *See* 42 U.S.C. §1983. Indeed, "the North Carolina Employment Security Commission is not a 'person' amenable to suit under § 1983." *Ford v. N. Carolina Div. of Emp. Sec.*, 2022 WL 19335313, at *2 (M.D.N.C. Sept. 20, 2022), *report and recommendation adopted*, 2023 WL 2742304 (M.D.N.C. Mar. 31, 2023) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67-68, 71 (1989)). Plaintiff claims, however, that his decision to name the Division of Employment Security as defendant was a "slight oversight" made "in haste," and Plaintiff now requests leave to amend his complaint to sue "John and/or Jane Doe," i.e. "an unofficial unknown individual in their official capacity." DE 11 at 1. The court will not grant such leave. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[W]here the identity of alleged defendants will not be known prior to the filing of a complaint . . . , the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the

4

complaint would be dismissed on other grounds."); *Snead v. Unknown*, 2023 WL 4842314, at *2 (W.D. Va. July 28, 2023) ("Thus, without further factual information to identify prison officials and describe their unconstitutional actions, I must summarily dismiss all claims against Snead's 'unknown' defendants."); *Brown v. Michigan Dep't of Corr.*, 2025 WL 1462539, at *2 (E.D. Mich. May 21, 2025) ("Plaintiffs' claims against unknown officers cannot proceed."). Thus, the motion for leave is DENIED. DE 11.

In conclusion, upon careful review of the M&R and the record presented, the court OVERRULES Plaintiff's objections and ADOPTS the remaining recommendation of the magistrate judge as its own. For the reasons stated in this order and in the M&R, Plaintiff's complaint, DE 1, is DISMISSED. The Clerk of Court is directed to close this case.

SO ORDERED this __30th__ day of April, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

5